Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3895 | **DATE** | 2/28/2011 |
| **CASE TITLE** | Veronica Sandoval vs. Little Concessions, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff, Veronica Sandoval, moves for reimbursement of costs and fees incurred in personally serving the defendants Little Village Concessions, LLC d/b/a Club Volkan, New V5 Group, Inc., Rossina Martinez, and Francisco Monroe, pursuant to Federal Rule of Civil Procedure 4(d)(2). The motion [29] is granted in part and denied in part as set forth below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**Plaintiff's Motion**

In her motion, plaintiff requests reimbursement for the expenses incurred in personally serving defendants: Little Village Concessions LLC d/b/a Club Volkan, Rossina Martinez, Francisco Monroe, and New V5 Group, Inc. Plaintiff further requests reasonable attorney's fees incurred in personally serving defendants: Little Village Concessions LLC d/b/a Club Volkan, Rossina Martinez, Francisco Monroe, and New V5 Group, Inc., and for bringing this motion.

**Federal Rule of Civil Procedure 4(d)(2)**

Rule 4(d)(2)(A) provides for the reimbursement of costs incurred for executing personal service where the defendant has failed to return a waiver request without good cause. Rule 4(d)(2)(B) allows for the recovery of the reasonable fees and costs associated with collecting the service costs.

**Discussion**

First, plaintiff's motion is denied as to attorney's fees associated with personally serving the defendants. Attorney fees associated with effectuating service are not recoverable under Rule 4. Jones v. Hoosman, 2006 U.S. Dist. LEXIS 31807, *12 n.9 (N.D. Ill. May 9, 2006). Plaintiff's request for reimbursement for costs of the certified mail for sending the waiver requests is denied. Rule 4(d)(2)(A) clearly states that the court must impose on defendant "the expenses later incurred in making service." The rule does not include recovery for expenses incurred as a result of mailing the waiver requests.

Next, plaintiff's motion is denied with respect to defendant Little Village Concessions as this Court finds defendant has shown good cause for failing to return the waiver request. Defendant Lucy Arce is an agent authorized to receive service of process on behalf of Little Village Concessions. Ms. Arce signed and returned the waiver request sent to her home. Defendant asserts that Ms. Arce believed she was signing on behalf of herself as an individual and on behalf of Little Village Concessions. The certified mail receipt from the waiver request that was sent to Little Village Concessions was apparently signed for by "C. Trevino," who is not an authorized agent of Little Village.

| STATEMENT |
|---|

Plaintiff's motion is granted and plaintiff may recover costs associated with personally serving defendant Rossina Martinez, including skip trace fees incurred in investigating Martinez's current address. Plaintiff can also recover the expenses and attorney fees incurred as a result of litigating this motion to recover those costs. Defendant Martinez opposes plaintiff's motion on the basis that Martinez does not reside at the address where plaintiff sent the request for waiver by certified mail. Plaintiff argues that she obtained Rossina Martinez's address from the Illinois Secretary of State business registry as a corporate officer of Little Village Concessions. It was reasonable for plaintiff to rely on that information in attempting to serve Martinez.

Plaintiff's motion is granted and plaintiff may recover costs associated with personally serving defendant Francisco Monroe in addition to the expenses and attorney fees incurred as a result of litigating this motion to recover those costs. Defendant Monroe contends that his name is actually "Frank Monroe" and that the address, 1106 W. Lawrence Avenue, Chicago, Illinois 60640, where the waiver was sent was incorrect. Monroe further argues that Guadalupe Angelo, who signed the certified mail receipt, does not work for any of the defendants in this case, and is not authorized to receive service. Plaintiff asserts that she obtained defendant Monroe's name and address from the Illinois Secretary of State's business registry. Indeed, the Illinois Secretary of State's listing for New V5 Group Inc. gives the address of 1106 W. Lawrence Avenue, Chicago, Illinois 60640, and Francisco Monroe as the president. It was therefore reasonable for plaintiff to rely on that information in seeking waiver of service.

However, with respect to New V5 Group Inc. as a corporate defendant, plaintiff does not allege that she received a certified mail receipt and there is no certified mail receipt for New V5 Group Inc. attached as an exhibit. Without showing that New V5 Group Inc. received the waiver request form, plaintiff cannot establish that New V5 Group failed to return the waiver without good cause. Thus, the motion is denied as to New V5 Group.

**Conclusion**

Based on the foregoing, plaintiff is entitled to recover the costs incurred as a result of personally serving defendants Monroe and Martinez. Based on the attached invoices from the special process server, plaintiff is entitled to reimbursement for $115 for each Monroe and Martinez as well as an additional $45 fee for skip tracing. Plaintiff is also entitled to recover the reasonable attorney fees associated with litigating this current motion to recover the costs of service. Plaintiff's itemized fee statement alleges 2.7 hours ($250 per hour) spent by attorney Samantha Esmond in drafting, revising, and filing the motion for costs and fees.